IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:06CR3034 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| LUIS CEJA, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the presentence investigation report in this case. Except for the objection of the defendant (filing 27) regarding drug quantity, there are no objections or motions for departure or variance.

IT IS ORDERED that:

(1)    The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2) The objection regarding drug quantity (filing 27)) will be resolved at an evidentiary hearing to be conducted at sentencing.   I also notify the parties that:

A.  I do not construe the plea agreement as it regards drug quantity to bind me under the provisions of Rule 11(c)(1)(C).   If the parties think differently, they should advise me by filing a notice in the court file setting forth their view of the plea agreement.

B.  I may reject the plea agreement if it is properly construed as a Rule 11(c)(1)(C) plea

agreement.

C.   Despite the plea agreement, the government should be prepared to present proof of the most readily provable drug quantity (including evidence of purity) or show cause why the government refuses to do so.

D.   Note B to U.S.S.G. § 2D1.1(c) (sentencing table) requires use of the purity of methamphetamine for offense level purposes if the offense level is greater using that method than it would have been had the "mixture or substance" method been used.  The parties should be prepared to tell me why the probation officer erred in applying this note to this case.

(3)      Except to the extent (if at all) that I have reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4)      If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5)      Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6)      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

July 11, 2006.                              BY THE COURT:

                                            s/ *Richard G. Kopf*
                                            United States District Judge

-2-